IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                              Case No. 4:02-cr-40010

DEMARCUS OWENS                                                                              DEFENDANT

## ORDER

Before the Court is Defendant DeMarcus Owens' Motion to Correct a Clerical Error in the Judgment. (ECF No. 43). The government responded. (ECF No. 44). The matter is ripe for consideration.

On August 2, 2002, Defendant pleaded guilty to the charge of knowingly and intentionally possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). At sentencing, the Court granted the government's motion for a downward departure based on Defendant's substantial assistance to the government. The Court sentenced Defendant to 188 months of imprisonment, followed by 5 years of supervised release. The judgment also included a provision making Defendant "permanently ineligible for all federal benefits" under 21 U.S.C. § 862(a). (ECF No. 18, p. 7).

Defendant now asks the Court to correct the judgment by removing the provision making him permanently ineligible for all federal benefits. The government has no objection.

"Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall . . . upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits."[1] 21 U.S.C. § 862(a)(1)(C). However,

---

[1] As used here, "Federal benefits" "means the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." 21 U.S.C. § 862(d)(1)(A). Denial of "Federal benefits" under section 862 "does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." 21 U.S.C. § 862(d)(1)(B).

denial of federal benefits "shall not apply to any individual who cooperates with the Government in the prosecution of a Federal or State offense." 21 U.S.C. § 862(e).  The government states that Defendant cooperated with an investigation, so he should not have been denied federal benefits.

The Court "may at any time correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36.  "Whether an error is 'legal' or merely 'clerical' has important jurisdictional consequences." *United States v. Christensen*, No. 4:12-cr-3044, 2012 WL 5354745, at *4 (D. Neb. Oct. 29, 2012).  Rule 36 is narrow and specifically addresses clerical errors, or "mere scrivener's mistake[s]." *United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006).  "Rule 36 does not authorize a district court to modify a sentence." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994).  Rule 36 has been used to correct errors in a judgment denying federal benefits.  *See United States v. Bonner*, 522 F.3d 804, 808-09 (7th Cir. 2008); *United States v. Alston*, No. 3:12-cr-118-J-32PDB, 2020 WL 6393835, at *2 (M.D. Fla. Nov. 2, 2020).

Defendant's motion (ECF No. 43) is hereby **GRANTED** based on the reasons and authorities discussed in the parties' filings.  The Court amends the judgment in this case (ECF No. 18) to remove the provision making Defendant "permanently ineligible for all federal benefits" under 21 U.S.C. § 862(a).  All other aspects of the judgment remain.

**IT IS SO ORDERED**, this 26th day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge